IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TAMIRA L. CALLENDER and TREY R. CALLENDER,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>DEPARTMENT OF THE PROSECUTING ATTORNEY FOR THE COUNTY OF MAUI; MAUI POLICE DEPARTMENT; EMLYN H. HIGA, individually and in his official capacity; NICOLAI K.H. ARIGA, individually and in her official capacity; JOHN KALAMA, individually and in his official capacity; WENDELL H. LOO, individually and in his official capacity; DOE DEFENDANTS 1–10; DOE PARTNERSHIPS 1–10; and DOE CORPORATIONS 1–10,<br><br>                    Defendants. | CIVIL NO. 20-00321 JAO-KJM<br><br>**ORDER DISMISSING REMAINING CLAIMS** |

**ORDER DISMISSING REMAINING CLAIMS**

In its January 28, 2021 Order Granting in Part and Denying in Part (1)

County Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Filed

October 12, 2020; and (2) Emlyn H. Higa's, Individually, Motion to Dismiss First

Amended Complaint, ECF No. 57, the Court dismissed without prejudice Count I

of Plaintiffs Tamira L. Callender and Trey R. Callender's (collectively,

"Plaintiffs") First Amended Complaint ("FAC"), ECF No. 32, which contained

Plaintiffs' sole federal claim (and the sole basis for subject matter jurisdiction in this action) against Defendants Department of the Prosecuting Attorney for the County of Maui; Maui Police Department; Emlyn H. Higa, individually and in his official capacity; Nicolai K.H. Ariga, individually and in her official capacity; John Kalama, individually and in his official capacity; and Wendell H. Loo, individually and in his official capacity (collectively, "Defendants").  The Court did not authorize Plaintiffs to file an amended complaint without obtaining leave of court. ECF No. 57 at 20.  In light of the parties' agreement that Plaintiffs' state law claims (Counts II through IX of the FAC) would be moot if Count I was dismissed, the Court declined to reach Defendants' arguments relating to Plaintiffs' state law claim unless and until Plaintiffs satisfied the threshold issue of asserting a federal claim that is not barred by the statute of limitations.  *Id.* at 20–21.

In his May 24, 2021 Order Denying Motion for Leave to File Second Amended Complaint, United States Magistrate Judge Kenneth J. Mansfield denied Plaintiffs leave to file a Second Amended Complaint, concluding that amendment would be futile because Plaintiffs' proposed Second Amended Complaint failed to set forth facts sufficient to toll the statute of limitations for Plaintiffs' sole federal claim.  ECF No. 67 at 11–12.

Given Magistrate Judge Mansfield's denial of leave to amend Count I — Plaintiffs' sole basis for original jurisdiction — the Court now considers whether it

should exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.  A state law claim is part of the same case or controversy under Article III of the U.S. Constitution "when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).  Courts may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Courts declining to exercise supplemental jurisdiction "must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity.'" *Bahrampour*, 356 F.3d at 978 (brackets and citation omitted); *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).  When a "'case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.

1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))

(alteration in original).

Here, considerations of judicial economy, convenience, fairness, and comity

weigh in favor of declining jurisdiction over Plaintiffs' state law claims. The

Court dismissed the only claim over which it had original jurisdiction, and

although the Court addressed Defendants' dispositive motions, the case is still in

its earliest stages. There are no other factors compelling the Court to deviate from

the common practice of declining supplemental jurisdiction when no federal claims

remain. Accordingly, the Court declines to exercise supplemental jurisdiction over

Plaintiffs' state law claims. All remaining claims are hereby DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 16, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00321 JAO-KJM, *Tamira L. Callender, et al. v. Department of the Prosecuting Attorney for the County of Maui, et al.*; ORDER DISMISSING REMAINING CLAIMS